IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MAHESH PATEL AND
MITTAL PATEL                                                                                              PLAINTIFFS

v.                                                                                    CIVIL ACTION NO. 1:23-CV-100-SA-DAS

JAY MATAJI, INC., ATUL PATEL,
AMIT PATEL, MITESH PATEL,
JOHN DOES 1-10, ABC CORPS 1-10                                                                DEFENDANTS

## ORDER COMPELLING DISCOVERY RESPONSES

On September 17, 2024, the court held a discovery status conference with the parties to discuss the plaintiffs' responses to certain discovery requests propounded by defendant Jay Mataji, Inc. The discovery requests at issue seek the plaintiffs' complete bank statements for all accounts maintained from January 2022 through May 2023. The plaintiffs object to producing these records on the basis of relevance, arguing that Jay Mataji, Inc.'s payroll records and bank statements are the only evidence relevant to the plaintiffs' FLSA claims, *i.e,*, whether and how much the plaintiffs were paid. The defendant counters that the information sought is relevant to its defenses and counterclaims to the plaintiffs' claims.[1]

An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Once the employee establishes a prima facie case, the burden then shifts to the employer to "come forward with evidence of the

---

[1] By this Order, the court is not deciding whether Jay Mataji, Inc. is legally permitted to assert the stated defenses and counterclaims in this action.

precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

To the extent Jay Mataji, Inc.'s discovery requests seek information related to the amount of wages allegedly paid to the plaintiffs, the court finds they are relevant and within the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1). The plaintiffs are ordered to respond to Interrogatory No. 16 and Request No. 16 no later than 14 days from the date of this Order.

SO ORDERED, this the 19th day of September, 2024.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE